No. 23-2644

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MICHAEL J. BOST, LAURA POLLASTRINI, and SUSAN SWEENEY, | ) Appeal from the United States<br>) District Court for the Northern<br>) District of Illinois, Eastern Division<br>) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) |
| | ) No. 1:22-cv-02754 |
| ILLINOIS STATE BOARD OF ELECTIONS and BERNADETTE MATTHEWS, in her official capacity as Executive Director, Illinois State Board of Elections, | ) |
| | ) |
| | ) |
| | ) |
| | ) The Honorable |
| | ) JOHN F. KNESS, |
| Defendants-Appellees. | ) Judge Presiding. |

**JOINT CIRCUIT RULE 54 STATEMENT**

Defendants-Appellees the Illinois State Board of Elections and Bernadette Matthews, in her official capacity as Executive Director of the Illinois State Board of Elections, and Plaintiffs-Appellants Michael J. Bost, Laura Pollastrini, and Susan Sweeney (collectively, the "parties"), file this joint statement pursuant to Circuit Rule 54 and the Court's order of February 17, 2026.

This case involves a challenge to an Illinois statute directing local election authorities to count mail-in ballots that are sent on or before Election Day but are received by election officials up to 14 days after Election Day. *See* 10 ILCS 5/19-8(c); *id.* § 5/18A-15(a). Plaintiffs contend that the statute is preempted by federal statutes that establish Election Day as the Tuesday after the first Monday in November. *See*

2 U.S.C. § 7; 3 U.S.C. § 1.  The district court dismissed the complaint, holding that plaintiffs lacked standing, that their claims were barred by sovereign immunity, and that the complaint failed to state a claim upon which relief could be granted.  SA19-41.[1]  This court affirmed solely on the ground that plaintiffs lacked standing, and the Supreme Court granted certiorari and reversed on those same jurisdictional grounds. *Bost v. Illinois State Board of Elections*, 146 S. Ct. 513 (2026).

While this case was pending at the Supreme Court, the Court also granted certiorari in a separate case, *Watson v. Republican National Committee, et al.*, No. 24-1260 (U.S.).  The question presented in *Watson* is "[w]hether the federal election-day statutes, 2 U.S.C. § 7, 2 U.S.C. § 1, and 3 U.S.C. § 1, preempt a state law that allows ballots that are cast by federal election day to be received by election officials after that day."

The parties agree that the Court should vacate the decision below and remand the case to the district court for further proceedings.  The Supreme Court has held that plaintiffs have standing, and defendants agree that the case can proceed below against defendant Matthews under *Ex parte Young*, AE Br. 40 n.15, leaving only the question whether plaintiffs stated a claim upon which relief could be granted.  Given the similarity between the issues in this case and the issues in *Watson*, the outcome of *Watson* will inform the outcome here.  The parties also agree that remanding the case to the district court serves the interest of judicial economy, because the district

---

[1]  Defendants' answering brief is cited "AE Br.," the reply brief is cited "RY Br.," and the short appendix is cited "SA."

court has jurisdiction to enter judgment for either party, but plaintiffs have raised a question about this Court's ability to affirm the district court's judgment but modify it to be with prejudice. AE Br. 25 n.9; RY Br. 12 n.11. After vacatur and on remand, the parties agree that the case should be stayed at the district court pending the Supreme Court's decision in *Watson*.

Accordingly, the parties recommend that the Court vacate the decision below and remand the case to the district court for further proceedings. Plaintiffs further recommend that the Court instruct the district court to (a) stay further proceedings pending *Watson* and (b) require the parties to report back to the court within 14 days of any decision in *Watson*. Defendants take no position on this additional request.

Dated: March 6, 2026

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

/s/ Alex Hemmer
ALEX HEMMER
Deputy Solicitor General
115 S. LaSalle St.
Chicago, Illinois 60603
(312) 814-5526
alex.hemmer@ilag.gov

*Counsel for Defendants-Appellees*

/s/ Russ Nobile
T. Russell Nobile
**JUDICIAL WATCH, INC**
P.O. Box 6592
Gulfport, MS 39506
(202) 527-9866

Rnobile@judicialwatch.org

*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF FILING AND SERVICE**

I certify that on March 6, 2026, I electronically filed this Circuit Rule 54

statement with the Clerk of the Court for the United States Court of Appeals for the

Seventh Circuit using the CM/ECF system.

All other participants in this case are CM/ECF users and will be served by that

system.

/s/ Alex Hemmer
ALEX HEMMER